**Decided July 24, 1987**

## IN THE DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AMERICAN INTERNATIONAL KNITTERS CORPORATION and AMERICAN INVESTMENT CORPORATION, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>KAWASAKI KISEN KAISHA, LTD., dba "K" Line, and ISLAND SHIPPING LINES, INC., )<br><br>Defendants. ) | CIVIL ACTION NO. 87-0005<br><br>DECISION |

THIS MATTER came before the Court on June 26, 1987, for hearing of defendants' separate motions for dismissal and/or summary judgment, pursuant to Federal Rules of Civil Procedure 12 and, through 12(b)(6), Rule 56. Although the issues raised in each motion are nearly identical, they will be considered in turn for purposes of clarity.

The only facts before the Court which are pertinent to this decision are these:

Plaintiffs and defendants have, on at least five occasions prior to that leading to this litigation, entered into agreements in which K-Line brought goods from foreign ports to Tokyo or Yokohama, from where they were trans-shipped to Saipan via Island Shipping. All shipments, including the instant one, were undertaken using the long form bill of lading provided by K-Line. All bills of lading contained the following clause on the reverse:

**103**

28. GOVERNING LAW AND JURISDICTION.
The contract evidenced by or contained in
this Bill of Lading shall be governed by
Japanese law except as may be otherwise
provided for herein, and any action
thereunder shall be brought before the Tokyo
District Court in Japan.

This clause was never varied, either orally or in writing, by the parties, throughout the course of their business dealings.

■ Plaintiffs have directed the Court to cases not available in the Court's library, without supplying the text of the cases. In the interest of fairness, the Court will not consider cited authority which has not been verified.

■ Defendant Island Shipping has moved to strike the affidavit of Willie Tan, which was filed June 25, 1987, one day prior to the hearing. Rule 220-3 of the Local Rules of this Court requires that opposition memoranda, briefs, declarations. affidavits, or other filings be submitted seven days prior to the date of hearing. Therefore, the motion to strike is well-taken and will be granted.

1. <u>Kawasaki Kisen Kaisha, Ltd. (K-Line)</u>

[3] K-Line argues that this Court lacks personal jurisdiction over it because of plaintiffs' failure to properly effect service of process. Plaintiffs reply that any defects were not timely made or have been waived by K-Line's appearance. A thorough reading of Rule 12 should disabuse plaintiffs of this notion. K-Line's assertion that its only notice of suit came when defendant Island Shipping telefaxed it a copy of the summons and complaint is uncontroverted.

104

Prior to removal to this Court, plaintiffs were required to serve K-Line as directed by 7 C.M.C §1104 and Rule 4 of the Commonwealth Trial Court Rules of Civil Procedure. The record before the Court is devoid of any indication that such was done. Therefore, K-Line's argument that jurisdiction over it is lacking is correct and it shall be dismissed without prejudice as a party.

Dismissal on this ground makes it unnecessary to consider K-Line's other arguments.

## 2. Island Shipping

Island Shipping adopts K-Line's argument that the lawsuit should be dismissed because the bills of lading contain a "forum selection" clause directing the parties to litigate any dispute in the District Court at Tokyo, Japan. Island Shipping notes that plaintiffs are relying on the bills of lading in question as contracts of carriage between the parties and seeking to enforce their terms, except that they wish to avoid the "forum selection" clause.

Defendants nowhere argue that this Court lacks jurisdiction; rather, they argue that the facts available militate toward a finding that the forum selection clause should be honored and that we should decline to exercise jurisdiction. The Court believes that it may entertain jurisdiction under the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. §§1300 et. seq. (1976), which provides that "every bill of lading...which is evidence of a contract for the carriage of goods by sea to or from the ports of the United States, shall have effect subject to

**105**

the provisions of this chapter." 46 U.S.C. §1300. COGSA applies to territories of the United States, 46 U.S.C. §1312, of which Guam is one. It therefore applies in the CNMI through §502(a)(2) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States.

The question of enforcement of a foreign selection clause was considered by the United States Supreme Court in The M/S BREMEN v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907 (1972). The parties disagree about the import of The M/S BREMEN decision. There, the Supreme Court considered the validity and enforceability of a forum selection clause contained in a maritime towing contract. This Court reads the M/S BREMEN decision to mean, generally, that long-standing judicial reluctance to enforce such clauses has given way in light of the realities of current business practices. The modern view "is that such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Id., 92 S.Ct. at 1913. The Supreme Court further indicated that as a policy matter such clauses warrant enforcement unless there is fraud, undue influence, or overweening bargaining power. Id., 92 S.Ct. at 1914-1915. The "correct approach" is to enforce such clauses unless the party objecting can clearly show that enforcement would be unreasonable, unjust, or invalid for the reasons mentioned above. Id., 92 S.Ct. at 1916. The Ninth Circuit will enforce such clauses. See, e.g. North River Ins. Co. v. FED SEA/FED PAC LINE, 647 F.2d 985 (1981); Tai Kien Industry Co., Ltd. v. M/C HAMBURG 528 F.2d 835 (1976). Other than counsel's

unsworn assertion that it would be unjust to have this matter tried in the Tokyo court, there is nothing properly in the record to persuade the Court that it would be inappropriate to enforce the forum selection clause. Therefore, the Court finds that under the facts properly before it the forum selection clause is valid and enforceable and declines to exercise jurisdiction to try this matter. The complaint is dismissed without prejudice to Island Shipping. It is not necessary to consider K-Line's other arguments.

DATED this _____ day of July, 1987.

_____
Alfred Laureta
Judge

**107**